IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| SAINT VINCENT HEALTH CENTER | : | Civil Action No. 04-CV-342 |
| Plaintiff, | : | Erie Division |
| | : | |
| v. | : | |
| | : | |
| BEECH STREET CORPORATION, | : | Judge Maurice B. Cohill, Jr. |
| Defendant. | : | |

**DEFENDANT BEECH STREET CORPORATION'S
MOTION FOR LEAVE OF COURT TO FILE AN AMENDED ANSWER**

Defendant Beech Street Corporation ("Beech Street") respectfully moves this Court for leave to file an Amended Answer. A copy of the proposed Amended Answer is attached hereto as Exhibit A. In support of this Motion, Beech Street states as follows:

1. Beech Street filed an Answer and Affirmative Defenses to the Complaint in the above-captioned action matter on January 4, 2005. On February 17, 2005, Plaintiff Saint Vincent Health Center ("Saint Vincent") filed an Amended Complaint which Beech Street answered on February 28, 2005.

2. The parties exchanged initial disclosures on or about June 28, 2005. Since that time, the parties have engaged in discovery, which is ongoing. Discovery is not scheduled to end until May 30, 2006.

3. In the course of discovery, Beech Street has determined that it has available to it the affirmative defense of laches.

4.   Accordingly, Beech Street seeks to file an Amended Answer to the Amended Complaint which asserts the following affirmative defense:

### SIXTH AFFIRMATIVE DEFENSE

*The plaintiff's claims are barred in whole or in part by the doctrine of laches.*

5.   Requests to amend pleadings should be liberally granted, especially when allowing the amendment would cause no prejudice to the adverse party. See, e.g., Tucker v. Reading Co., 55 F.R.D. 327, 329 (E.D. Pa. 1972) (finding that delay alone is not prejudicial and, absent showing of prejudice, amendment to an answer should be liberally granted); Hogue v. Sam's Club, 114 F.Supp.2d 389, 391 (D. Md. 2000) (granting leave to amend answer is appropriate even at summary judgment phase unless adverse party demonstrates prejudice).

6.   Indeed, only where there is "[u]ndue delay, bad faith, or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment" should leave to amend be denied. Today's Man, Inc. v. Nationsbank, N.A., 2000 WL 822500 at *1 (E.D. Pa. 2000), citing Foman v. Davis, 371 U.S. 178, 182 (1962).

7.   Moreover, "a responsive pleading may be amended at any time by leave of court to include an affirmative defense, and 'leave shall be freely given when justice so requires.'" Charpentier v. Godsil, 937 F.2d 859, 863-64 (3d Cir. 1991) (citation omitted).

8. In this case, Saint Vincent will not be prejudiced by allowing Beech Street to assert the affirmative defense of laches in its Answer. Discovery is still ongoing, depositions have not yet been taken, and a trial date has not yet been set.

9. A copy of the proposed Amended Answer is attached hereto as Exhibit A.

WHEREFORE, Beech Street respectfully requests that this Court grant it leave to file an Amended Answer to Amended Complaint in the form attached hereto as Exhibit A. A proposed order on this motion is attached hereto.

Respectfully submitted,

/s/ Dianna C. Wyrick
Dianna C. Wyrick
PA I.D. #74515
P. Gavin Eastgate
Pa. I.D. #86061

Reed Smith LLP
425 Sixth Avenue
Pittsburgh, PA 15219
(412) 288-3131

Counsel for Beech Street Corporation

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of March, 2006, I caused a true and correct copy of the foregoing Motion For Leave of Court to File an Amended Answer to be served upon Plaintiff's counsel via the Court's electronic filing system as follows:

John W. McCandless, Esquire
Quinn, Buseck, Leemhuis, Toohey & Kroto, Inc.
2222 West Grandview Boulevard
Erie, PA  16506-4508


/s/ Dianna C. Wyrick
Counsel for Defendant